IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARPENTERS PENSION AND RETIREMENT SAVINGS FUNDS OF ILLINOIS and MICHAEL T. KUCHARSKI, as Administrative Manager, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 05-3091 |
| LOWDER CONSTRUCTION, INC., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Plaintiffs' Motion to Strike Affirmative Defense (d/e 11). The Plaintiffs are ERISA qualified employee welfare benefit funds and plans (Funds), and the Administrator of the Funds. The Plaintiffs filed this action to recover unpaid contributions from the Defendant for work performed by employees who are beneficiaries of the Funds. The Plaintiffs allege that the Defendant obligated itself to make the contributions by executing an agreement (Agreement) in which it agreed

1

to be bound by various collective bargaining agreements which obligated employers to participate in the Funds. The Defendant raises a claim of fraud as an affirmative defense. The Defendant alleges that the union representative (Union Representative) with whom the Defendant negotiated the Agreement acted as the Plaintiffs' agent and fraudulently induced the Defendant to execute the Agreement by falsely representing that contributions to the Funds would not be required for work performed by covered employees on residential construction. <u>Answer and Affirmative Defenses (d/e 9)</u>, at 3-4. The Plaintiffs ask this Court to strike this defense.

A party may move to strike an insufficient defense. <u>Fed. R. Civ. P. 12(f)</u>. Motions to strike, however, are not favored and will not be granted unless it appears to a certainty that a plaintiff would succeed despite any state of facts which could be proved in support of the defense as inferred from the pleadings. <u>Williams v. Jader Fuel Co., Inc.</u>, 944 F.2d 1388, 1400 (7th Cir. 1991). The Plaintiffs ask the Court to strike the defense because the Union Representative was not their agent. The question of whether an agency relationship exists is an issue a fact. The Court cannot say to a certainty at this time that Defendant cannot prove that the Union Representative did not have an agency relationship with the Plaintiffs. The

Motion therefore must be denied.

THEREFORE, the Plaintiffs' Motion to Strike Affirmative Defense (d/e 11) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:  September 26, 2005.

FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE